# LAW OFFICES OF JOSEPH F. KILADA, P.C.

Long Island Office
100 Quentin Roosevelt Boulevard, Suite 208
Garden City, NY 11530
Phone: (516) 222-0454
Fax: (516) 908-4266

October 19, 2018

**VIA ECF**
Hon. Gary R. Brown
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip New York 11722

                                      RE:   United States of America v. Kwesi Bovell
                                                  18-CR-813

Dear Judge Brown:

     I draft this letter to respectfully ask the court consider an agenda for the conference this morning:

## BOND

1. With the permission of the court, counsel will ask the court to sign the bond setting forth the conditions of release of Mr. Bovell. Since the last court date, all signatories have signed including those in the Middle District of Tenessee and a confession of judgement has been filed with the Kings County Clerk and proof of such has been provided to the government.

## 18 U.S.C. § 3771

2. I would respectfully ask the court to address the recent notice of appearance filed "ECF Document 22" and the accompanying motion filed addressing the previous ruling by the court. At Conclusion, we would respectfully ask the court to direct that the notice of appearance be withdrawn and the accompanying motion stricken from the record.

John Martin, Esq, has filed a notice of appearance under the guise of 18 U.S.C. § 3771 and an accompanying motion for reconsideration "ECF Document 23:

The issue is whether an alleged victim in a criminal case, which the United States government is prosecuting, can be allowed under 18 USC § 3771 to make an appearance in the criminal case? Further, if they are allowed, does 18 USC§ 3771 then allow for motions to be made such as a motion to reconsider bail on behalf of the defendant? The answer is clearly no.

Case law has established that under the Crime Victim Restitution Act ("CVRA"), 18 U.S.C. § 3771, the rights granted to victims are very limited. In United States v Benevides and United States v. Alcatel-Lucent France, SA, the courts have held that the victim of a fraudulent crime lacked the right to intervene or to have any substantive rights in any criminal case under the CVRA statute. United States v Benevides 2016 US Dist LEXIS 183775, 4 [MD Fla Dec. 12, 2016, No. 6:13-cr-234-Orl-31KRS]; United States v. Alcatel-Lucent France, SA, 688 F.3d 1301, 1306 (11th Cir. 2012). Both cases consisted of defendants who faced charges of conspiracy and bank fraud among other criminal charges. Benevides 2016 US Dist LEXIS 183775 at 3; Alcatel-Lucent France, SA, 688 F.3d at 1306. The court of Benevides in holding that the victim has no rights to intervene in a criminal case, noted that the right of a victim to appear in criminal case was limited in that the victim may have the right to be heard in the case, but not the right to intervene in the case. Id. at 5; see also Brandt v. Gooding, 636 F.3d 124, 136 (fourth Cir. 2011) (holding that intervening in a criminal case by a victim is prohibited by the CVRA's plain language because intervention is not permitted.). Further, the court of Alcatel-Lucent France, SA in holding that despite that the CVRA provides some rights to victim to enforce such as "... the right to timely notice, the right to attend proceedings, the right to be heard during proceedings, the right to confer with prosecutor. . ..." these rights may not be confused or

extended to indicate that the victim has a right to intervene in the criminal proceedings of the government. Id at 1306. The court further comments that the CVRA does not ". . . vest a victim with a substantive interest in the outcome of a sentencing proceeding." Alcatel-Lucent France, SA, 688 F.3d at 1306; see also 18 U.S.C. § 3771(a).

Here, in the case at bar, the alleged victim company has inappropriately intervened when it filed a notice of appearance in the criminal case, and made a motion to reconsider the bail that was granted to the defendant by the court, and such actions under the plain meaning of the CVRA statue may not be permissible. See 18 U.S.C. § 3771(a). In other words, even if there are rights granted to victims of fraud under CVRA, the right to intervene as an equal adversary in a criminal case handled by the United States Attorney's office and to request a reconfirmation of the bail that was granted to the defendant is not a right available to a victim under the CVRA. For these reasons, there should be no basis for the victim to file a notice of appearance and be granted the right to intervene on the bail that was granted to the defendant by this Honorable Court.

Further, in practical terms, the only party that has standing to prosecute Mr. Bovell is the Government and those duties cannot be delegated. A private citizen lacks standing in the prosecution or nonprosecution of another "In our federal system crimes are always prosecuted by the Federal Government, not . . . by private complaints." Conn. Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 86-87 (2d Cir. 1972); accord Hill v. DiDio, 191 F. App'x. 13, 14-15 (2d Cir. 2006) ("[W]e have long recognized that crimes are prosecuted by the government, not by private parties.").

Respectfully submitted

Joseph F. Kilada
Attorney at Law.